**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


IBRAHIM MUHAMMAD, et al.,     :
                              :    Civil Action No. 06-4952 (MLC)
           Plaintiffs,        :
                              :
      v.                      :    MEMORANDUM OPINION
                              :
G. HAYMAN, et al.,            :
                              :
           Defendants.        :
```

Appearances:

Plaintiffs, pro se
Ibrahim Muhammad
Hassan A. Shakur
Yusef Allen
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER, District Judge**:

Plaintiffs Ibrahim Muhammad, Hassan A. Shakur, and Yusef Allen, inmates of New Jersey State Prison in Trenton, New Jersey, submit this Complaint under 42 U.S.C. § 1983 and ask the Court to allow them to proceed in forma pauperis under 28 U.S.C. § 1915 and as a class pursuant to Fed.R.Civ.P. 23.  Only Plaintiff Yusef Allen has submitted an application for leave to proceed in forma pauperis.

### I.  FACTUAL BACKGROUND[1]

On or about August 4, 2006, New Jersey State Prison was put on lock-down because a gun allegedly was found in a locked

---

[1] These facts are taken from the Complaint and are accepted as true for purposes of this Opinion.

electrical closet. During the lock-down, administrative memos were issued reducing recreation from two hours per day to two-and-one-half hours every three days. The lock-down ended on August 27, 2006, but the restrictions on recreation remain.

Plaintiffs contend that the reduction in recreation violates state law and the Eighth Amendment prohibition against cruel and unusual punishment and has caused health problems within the prison population.

Plaintiffs also allege that the air in the prison is not clean. Plaintiff Ibrahim Muhammad alleges that the lack of fresh air and contaminated cold food caused him to break out in hives and require hospitalization. Plaintiff Ibrahim Muhammad also alleges that he has become ill from the denial of showers.

Plaintiffs name as defendants various officials of the New Jersey Department of Corrections and New Jersey State Prison. They seek declaratory and injunctive relief and compensatory and punitive damages.

## II.   ANALYSIS

"[A] prisoner proceeding pro se may not seek relief on behalf of his fellow inmates." Alexander v. N.J. State Parole Bd., 160 Fed.Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.")).

Accordingly, this Court will not permit this action to proceed as a class action.

This Court also will not construe the Complaint as asserting claims permitted to be joined pursuant to Fed.R.Civ.P. 20. Title 28 section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis actions brought by prisoners. Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), the court concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by

multiple prisoners if the criteria of permissive joinder are satisfied. Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. 391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D. Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts also have noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, *4.

The reasoning of these district courts is persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult. Here, for instance, plaintiff Ibrahim Muhammad has asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2).

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just merely to dismiss from this case all plaintiffs except Yusef Allen with prejudice, the only plaintiff who has filed an application for leave to proceed in forma pauperis. Instead, this Court will (1) dismiss the complaint insofar as asserted by Ibrahim Muhammad and Hassan A. Shakur without prejudice, and (2) grant leave to each of them to (a) bring a new action asserting individual claims, and (b) either pay the filing fee or submit a complete application for leave to proceed in forma pauperis, with the required institutional account statements. Both Ibrahim Muhammad and Hassan A. Shakur, if they each elect to proceed as directed here, should refer to this memorandum opinion and the accompanying order in a cover letter.

Yusef Allen will be directed to file an amended complaint asserting individual claims. No action will be taken on his application for leave to proceed in forma pauperis unless he indicates his desire to proceed by filing an amended complaint.

5

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

### III.   CONCLUSION

For the reasons set forth herein, this Court finds that certification of a class under Rule 23 and joinder of Plaintiffs' claims under Rule 20 are not suitable.  An appropriate Order follows.

                                                    s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge